## Spencer Root *et al. versus* Jonathan Blake Junior *et al.*

Land was conveyed to one in trust for others, who paid or became obligated to pay the purchase money. The trustee died, and his estate was represented to be insolvent, and commissioners of insolvency were appointed thereon. Upon a bill in equity against the administrator and heirs of the trustee, praying that the land might be conveyed by them to the cestui que trusts, a conveyance was decreed accordingly.

The *St.* 1783, *c.* 32, § 4, which authorizes the court to grant license to executors or administrators to convey real estate in pursuance of contracts made by the deceased, was not modified or in any respect annulled by the *St.* 1784, *c.* 2, providing for the distribution of insolvent estates ; and upon a bill in equity by an obligee in a bond for the conveyance of land, brought against the administrator of the obligor, whose estate was represented to be insolvent, it was decreed that the administrator should convey to the obligee.

Bill in equity. The bill alleged, that on December 10, 1831, Abner Goodell bought at a public auction, certain real estate situated in Northfield and Erving's Grant ; that a conveyance thereof was subsequently made to him by Aaron Kingsbury, the vendor ; that the purchase was made for the joint and equal benefit of himself and the three plaintiffs, the plaintiffs having actually paid and become obligated to pay three quarters of the sum of $2000, which was the amount of the purchase money ; that the conveyance was made to Goodell, to enable him to hold the land in trust for himself and the plaintiffs in equal shares, and to facilitate a sale thereof; and that Goodell, on the same 10th of December, by his deed of that date declaring the trust confided in him, bound himself, his heirs, executors or administrators, to the plaintiffs, their heirs, &c., for the faithful performance of the trust ; and covenanted to account with and pay over to them their proportion of all sums of money accruing by virtue of sales made by him, of the land or the timber thereon.

Root
v.
Blake.

The bill further alleged, that on January 3, 1832, Goodell executed a bond, conditioned, that whereas he had agreed to convey to William Putnam, one of the plaintiffs, one half of the premises purchased at the auction, and Putnam had agreed to pay to Goodell a promissory note, dated December 10, 1831, for $250, on or before July 1, 1832, and also to pay to Kingsbury one half of a promissory note payable in four annual instalments, and signed by Goodell and the plaintiffs, now whenever Putnam should discharge Goodell from these notes and indemnify him from all expense in the premises, Goodell agreed to quitclaim to him all his interest in the land ; that Putnam had performed the conditions by him to be performed, in part, and was ready to perform the residue thereof ; but that Goodell had been prevented by death from performing his part of the bond.

The bill further represented, that Goodell did not, in his lifetime, execute any part of the trust confided to him by the plaintiffs ; that the defendant, Blake, has been duly appointed his administrator ; that the plaintiffs, by reason of these several matters and things, were unable to sell any part of the lands or of the timber thereon, or to make any profitable use thereof ; and that being desirous, that the legal title to the lands may be vested in themselves, they therefore prayed; that the defendant, Blake, might be authorized and directed to execute and deliver to them deeds of their respective shares of the land, the plaintiffs indemnifying him and the heirs of Goodell against all notes or sums of money remaining due for the purchase of the lands, and against all expense in the premises.

By a supplementary bill, the widow and heirs of Goodell were made parties defendant.   The supplementary bill averred, that the land in question was wild and uncultivated, and not parcel of any improved lands.

The defendants, in their answers, admitted the truth of the material allegations of the bills, and submitted themselves to the direction of the Court.   The answer of Blake averred, that on September 19, 1832, he represented the estate of Goodell to be insolvent, and that commissioners were thereupon appointed to receive and examine claims against the estate ; that on October 18, 1832, an inventory of all the estate

of Goodell, excepting the land in question, was duly returned into the probate court ; and that according to the best of the respondent's knowledge and belief, the estate of Goodell was actually insolvent.

*H. G. Newcomb* for the plaintiffs.

*Wells* and *Alvord* for the defendants.

WILDE J. afterward drew up the opinion of the Court Upon the facts alleged in the bill and admitted by the answers, we think it very clear, that the plaintiffs are entitled to the relief prayed for. The legal estate in the premises vested in Abner Goodell, but three fourths were held in trust for the plaintiffs, who were joint purchasers with him, and severally paid, or became obligated to pay, their respective portions of the purchase money. In these three fourths the trustee had merely the legal estate. The beneficial interest vested in the *cestui que trusts*, and they, in a court of equity, are considered the real owners. If the trustee had conveyed the property, and the purchaser had had knowledge of the trust, he could not hold it discharged of the trust. Nor can the trustee's creditors now have any better right. The *cestui que trusts*, by the aid of a court of equity, have the same power over the estate for all beneficial purposes, as if it were a use executed. In equity a *cestui que trust* hath *jus habendi* and *jus disponendi*, and any disposition by him is binding on the trustee.

As to the quarter part which Goodell owned in his own right, it appears that he agreed to convey it to William Putnam, one of the plaintiffs, and gave him an obligation to convey the same to him on certain conditions as charged in the bill. Upon the performance of these conditions, we think the obligee is entitled to a conveyance. By the *St.* 1783, *c.* 32, § 4, this Court is authorized to grant license to the administrator of the obligor to make the conveyance according to the terms of the contract ; and by the *St.* 1817, *c.* 87, we are empowered to order such conveyance to be made. By the former statute the legislature obviously intended to give a preference to the claim of an obligee in such a case, to that of the heirs or creditors of the obligor. The circumstance that Goodell's estate is insolvent, does not affect the rights of the parties. There is nothing in the act for the distribution of in-

Root
v.
Blake

solvent estates, which can reasonably be construed .so as to modify, or in any respect annul, the *St.* 1783, *c.* 32, § 4.

There is no reason, therefore, why the Court should not de cree a specific performance of this contract, in the same man-ner as if Goodell were now living. The Court accordingly order and decree, that upon the performance of the conditions of sale, as specified in the obligation of Goodell, the whole estate shall be conveyed to the plaintiffs by his administrator and heirs, as prayed for in the bill. [See Revised Stat. *c.* 74.]